## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Anthony S. Churchward
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Randall L. Capatina,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March, 2, 2016

Court of Appeals Case No.
92A03-1506-CR-634

Appeal from the Whitley Circuit Court.
The Honorable James R. Heuer, Judge.
Cause No. 92C01-1410-F4-117

**Friedlander, Senior Judge**

[1] Randall L. Capatina appeals his convictions of dealing in a narcotic drug, a Level 4 felony[1]; possession of a narcotic drug, a Level 6 felony[2]; and maintaining a common nuisance, a Level 6 felony.[3] We affirm.

[2] Capatina presents one issue for our review, which we restate as: whether the trial court erred by admitting certain evidence at trial.

[3] In October 2014, Capatina, together with Matthew Hellums, sold heroin to a confidential informant. Based upon this incident, Capatina was charged with dealing in a narcotic drug, possession of a narcotic drug, and maintaining a common nuisance. After the State arrested Capatina and Hellums, it issued a search warrant for Hellums' cell phone. In the course of executing the search warrant, the State seized numerous text messages between Hellums and a number identified as Capatina's cell phone number. A group of these text messages were admitted at Capatina's jury trial, over defense objection, as State's Exhibit 3. Capatina was found guilty as charged and was sentenced to an aggregate, executed sentence of six years. This appeal ensued.

[4] Capatina contends that the trial court erroneously admitted Exhibit 3. The trial court is afforded broad discretion in ruling on the admissibility of evidence, and we will reverse its ruling only upon a showing of an abuse of discretion. *Paul v.*

---

[1] Ind. Code § 35-48-4-1 (2014).

[2] Ind. Code § 35-48-4-6 (2014).

[3] Ind. Code § 35-48-4-13 (2014).

*State*, 971 N.E.2d 172 (Ind. Ct. App. 2012).  An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the court.  *Id.*

[5] Specifically, Capatina asserts that Exhibit 3 should not have been admitted because the text messages were not properly authenticated as having been written by him.  In order to lay a foundation for the admission of evidence, the proponent of the evidence must show that it has been authenticated.  *Hape v. State*, 903 N.E.2d 977 (Ind. Ct. App. 2009), *trans. denied*.  To satisfy this authentication requirement, the proponent must produce evidence sufficient to support a finding that the item is what its proponent claims.  *See* Ind. Evidence Rule 901(a).  Absolute proof of authenticity is not required; rather, the proponent of the evidence needs to establish only a reasonable probability that the item is what it is claimed to be.  *Pavlovich v. State*, 6 N.E.3d 969 (Ind. Ct. App. 2014), *trans. denied*.  Once this reasonable probability is shown, any inconclusiveness regarding the item's connection to the events at issue goes to the item's weight, not its admissibility.  *Id.*

[6] Here, the State presented testimony that during his post-arrest interview, Hellums allowed the officers to review text messages on his cell phone.  Hellums' cell phone contained text messages to and from a contact identified in his phone as "Randall" with the number 260-341-6189. Tr. p. 60.  Pursuant to a search warrant, police then retrieved these text messages from Hellums' cell phone, a portion of which were admitted at trial as Exhibit 3.  Detective Brice testified to using a telephone retrieval system that downloads text messages

from a cell phone and produces a document that includes such identifiers as date, time, phone number, incoming message, and outgoing message, as well as the text message itself. Hellums testified at Capatina's trial and identified the text messages in Exhibit 3 as texts between he and Capatina setting up the drug deal. In addition, Detective Brice testified that during his interview with Capatina, he asked Capatina for his cell phone number and Capatina provided the 260-341-6189 number. This evidence is more than sufficient to establish a reasonable probability that these text messages were authored by Capatina. Accordingly, the trial court properly determined that Exhibit 3 was authenticated.

[7] Capatina also argues that admission of Exhibit 3 was erroneous because some of the text messages include information regarding his drug dealing in general and amount to improper character evidence prohibited by Indiana Evidence Rule 404(b). The Rule provides:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Evid. R. 404(b)(1). This rule is designed to prevent the jury from assessing a defendant's present guilt on the basis of his past propensities — the "forbidden inference." *Remy v. State*, 17 N.E.3d 396, 399 (Ind. Ct. App. 2014), *trans. denied*. However, such evidence may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Evid. R. 404(b)(2). This list of permissible purposes is

illustrative but not exhaustive. *Freed v. State*, 954 N.E.2d 526 (Ind. Ct. App. 2011).

[8] In assessing the admissibility of 404(b) evidence, the court must: (1) determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Evidence Rule 403.[4] *Bishop v. State*, 40 N.E.3d 935 (Ind. Ct. App. 2015), *trans. denied*. The trial court is afforded wide latitude in weighing probative value against possible prejudice under Rule 403. *Id.*

[9] Exhibit 3 contains text messages between Hellums and Capatina beginning seven days prior to and continuing through the date of the drug deal with the confidential informant. During this time period, there are several discussions of Capatina's drug dealing both to Hellums and others, the quality of the drugs Capatina had for sale, the pricing of the drugs, drug customers, and obtaining the drugs for this sale and other planned sales. Capatina claims these messages were admitted merely to show he was a drug dealer and that he acted in conformity therewith on this occasion.

---

[4] Although Capatina suggests that the proper standard for assessing the admissibility of 404(b) evidence is a three-part test, *see* Appellant's Br. p. 13, our Supreme Court has explicitly adopted the two-part test we employ in our decision here. *See Hicks v. State*, 690 N.E.2d 215 (Ind. 1997).

[10]     In his opening statement at trial, defense counsel suggested that Hellums is the drug dealer and that Capatina was merely the driver of the vehicle when this sale occurred.  He further stated that the relationship between Capatina and Hellums "wasn't . . . a drug dealer – drug addict [ ] relationship."  Tr. p. 38. The theory that Hellums is the drug dealer and Capatina had no role except as driver is exhibited again in defense counsel's cross-examination of Detective Brice as well as the confidential informant.  It is evident from defense counsel's opening statement and cross-examination that the evidence in Exhibit 3 was relevant to matters other than Capatina's propensity to deal heroin, namely the drug dealer/drug addict relationship between he and Hellums and the planning for this particular sale.  Accordingly, Exhibit 3 survives the first component of the 404(b) test.

[11]     As for the second component, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Evid. R. 403.  Here, prior to the admission and discussion of Exhibit 3, Hellums testified that several months before this incident he had become addicted to heroin, using it daily and purchasing it exclusively from Capatina. Hellums also testified that he knew of no other job held by Capatina.  Further, he testified that once he was contacted by the confidential informant about her need to buy heroin, he contacted Capatina because he knew he could get the heroin from him and that when he arrived at Capatina's house, Capatina already had the heroin weighed out and in a baggie.  In light of the fact that Capatina's level of involvement in this deal had been brought into issue by the

defense and that the jury had already heard testimony regarding Capatina's drug sale business, we cannot say that the probative value of the text messages contained in Exhibit 3 was substantially outweighed by the danger of unfair prejudice. Exhibit 3 also survives the second component of the test, and, therefore, the trial court did not abuse its discretion by admitting Exhibit 3.[5]

[12] For the reasons stated above, we affirm the trial court.

[13] Judgment affirmed.

Bailey, J., and Crone, J., concur.

---

[5] Even if we had found error in the trial court's admission of Exhibit 3, the error would be harmless at best. The improper admission of evidence is harmless error if the conviction is supported by substantial independent evidence of guilt such that there is no substantial likelihood the challenged evidence contributed to the conviction. *Remy*, 17 N.E.3d 396. Here, substantial independent evidence of Capatina's guilt was presented at trial via Hellums' unchallenged testimony such that there is no substantial likelihood that Exhibit 3 contributed to Capatina's conviction.